IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ELOISE WIGGINS**,<br><br>    Plaintiff,<br><br>v.<br><br>**PHILLIP COHEN**;<br>**RYDER SYSTEM, INC.**; and<br>**ACE AMERICAN INSURANCE COMPANY**,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>_____ |

## NOTICE OF REMOVAL

Defendant Ryder System, Inc. ("Ryder" or "Defendant") submits this Notice of Removal of the action referenced herein from the State Court of DeKalb County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing as follows:

1.

Ryder is a named defendant in a civil action brought in the State Court of DeKalb County, Georgia, styled *Eloise Wiggins v. Phillip Cohen, Ryder System, Inc., and ACE American Insurance Company*, Civil Action File no. 22A02401.

Attached hereto and made a part hereof as Exhibits are:

- Exhibit 1: A copy of the Complaint for Damages filed by Plaintiff in the State Court of DeKalb County on June 29, 2022; and

- Exhibit 2: A copy of the summons issued by the Clerk of the State Court of DeKalb County to Ryder System, Inc. on June 29, 2022

The attached Exhibits 1 and 2 are copies of all process, pleadings, and orders served on Ryder in the action pending in the State Court of DeKalb County, Georgia.

2.

The aforementioned action was commenced by the filing of Plaintiff's complaint in the State Court of DeKalb County, Georgia on June 29, 2022.

3.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs.[1]

---

[1] In her Complaint for Damages, Plaintiff alleges she is entitled to recover "in excess of $29,000 in past medical expenses, in addition to wage loss." (Complaint, Doc. 1-1, ¶¶ 12, 18.) Plaintiff also alleges she is entitled to recover additional amounts for "emotional distress, personal inconvenience, mental and physical pain and suffering, and loss of enjoyment of life, due to the violence of the collision and

4.

Pursuant to 28 U.S.C. § 1446(b)(1) and FED. R. CIV. P. 6(a), this Notice of Removal is filed within 30 days after receipt by Ryder, through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life." (*Id.*) Plaintiff also alleges she is entitled to recover future medical expenses and future lost wages in undisclosed amounts. (*Id.*, "Prayer for Relief," ¶¶ c, d.) Furthermore, in a pre-suit demand sent in March 2022, Plaintiff alleged she had sustained "permanent impairment to the body as a whole as a direct result of this collision" and "will suffer forever" due to the subject collision. Plaintiff demanded many times the $75,000.00 amount in controversy requirement. Thus, although Ryder denies that Plaintiff is entitled to such a recovery, the Defendants have a good-faith basis for believing that the amount in controversy in this action exceeds $75,000.00. *See Herron v. C&S Wholesale Grocers, Inc.*, 2008 U.S. Dist. LEXIS 102993, *5, Case no. 5:08-cv-304-CAR (M.D. Ga. Dec. 22, 2008) ("the jurisdictional amount may be apparent on the face of the Complaint if the language clearly alleges extensive damages such as long-term medical expenses, mental and physical pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement or other serious injuries"); *Vaughan v. Ryder Capital Servs. Corp.*, 2015 U.S. Dist. LEXIS 124776, *3, Case no. 4:15-cv-74-CDL (M.D. Ga. Sep. 18, 2015) (explaining that the court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the jurisdictional amount is met in cases alleging such extensive injuries). *Compare Lockhart v. Moon*, 2020 U.S. Dist. LEXIS 237193, Case no. 4:20-cv-204-CDL (M.D. Ga. Dec. 17, 2020 (denying plaintiff's motion to remand action removed on the basis of diversity, because plaintiff "allege[d] only past injuries and past medical expenses but [did] not allege a permanent injury, any future damages, or any other damages like lost wages or punitive damages").

5.

The subject controversy is one between a resident and citizen of the state of Georgia (Plaintiff) and defendants who are not citizens or residents of Georgia.

6.

Plaintiff is a citizen of the state of Georgia. (Complaint, Doc. 1-1, ¶ 1.)

7.

Defendant Cohen is a citizen and resident of the state of South Carolina. (Complaint, Doc. 1-1, ¶ 2.)

8.

Defendant Ryder is a Florida corporation with its principal place of business in Florida. (*See Id.*, ¶ 3.)

9.

Defendant ACE American Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania. (*See Id.*, ¶ 4.)

10.

All Defendants consent to the removal of the action to this Court.

11.

The amount in controversy exceeds $75,000.00, excluding interest and costs, and this is a civil action brought in a State Court of the State of

Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332.

12.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one which Ryder is entitled to remove to this Court pursuant to 28 U.S.C. §§ 1332, 1446(b).

WHEREFORE, Defendant Ryder System, Inc. prays this Notice of Removal be filed, that said action be removed to and proceed in this Court, and no further proceedings be had in the said case in the State Court of DeKalb County, Georgia.

Respectfully submitted this 5th day of August, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ *Martin A. Levinson*

Martin A. Levinson
Georgia Bar No. 141791
Elliott C. Ream
Georgia Bar No. 528281
*Counsel for Defendants*

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (fax)
mlevinson@hpylaw.com
eream@hpylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ELOISE WIGGINS**,<br><br>    Plaintiff,<br><br>v.<br><br>**PHILLIP COHEN**, *et al.*;<br><br>    Defendants. | **CIVIL ACTION FILE NO.**<br><br>_____ |

## CERTIFICATE OF SERVICE

I have served counsel for Plaintiff in this case with the foregoing *Notice to Plaintiff of Removal to Federal Court* and *Notice of Removal (with Exhibits 1 and 2, Attorney's Affidavit, Affidavit of Filing in State Court of DeKalb County, and Notice of Filing)* by placing copies in the U.S. Mail in envelope with sufficient postage to ensure delivery, addressed as follows:

        Steven M. Fair, Esq.
        Morgan & Morgan Atlanta, PLLC
        191 Peachtree Street NE, Suite 4200
        Atlanta, GA 30343-1007

*[Signature of Counsel on Following Page]*

*Eloise Wiggins v. Phillip Cohen, et al.*
U.S. District Court, N.D. Ga. (Atlanta Div.), Civil Action File no. [to be assigned]
Certificate of Service – Petition for Removal, etc.

This 5th day of August, 2022.

**HAWKINS PARNELL & YOUNG, LLP**

/s/ *Martin A. Levinson*

Martin A. Levinson
Georgia Bar No. 141791
*Counsel for Defendants*

303 Peachtree Street
Suite 4000
Atlanta, Georgia 30308-3243
(404) 614-7400
(404) 614-7500 (fax)
mlevinson@hpylaw.com