## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ELOISE WIGGINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 22A02401 |
| **vs.** | ) | **CIVIL ACTION** |
| | ) | **FILE NO:** _____ |
| **PHILLIP COHEN, RYDER SYSTEM,** | ) | |
| **INC.; and ACE AMERICAN** | ) | |
| **INSURANCE COMPANY** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW ELOISE WIGGINS, Plaintiff in the above-styled action, and brings this Complaint for Damages, and shows the Court the following:

**1.**

ELOISE WIGGINS ("Plaintiff") is, and at all times material to this action, was a resident of the State of Georgia.

**2.**

Defendant PHILLIP COHEN is a resident of the state of South Carolina and may be personally served at 39 Sunset Circle, North Augusta, SC 29860. Pursuant to O.C.G.A. § 40-12-2, Defendant may be served by serving a copy of the complaint and summons on the Secretary of State of Georgia, along with sending a copy of the complaint and summons to the Defendant's address via certified mail.

**3.**

Defendant RYDER SYSTEM, INC. (hereinafter "Ryder") is a for-profit, foreign business authorized to do business in the state of Georgia with its principal place of business located at

11690 NW 105th Street, Miami, FL 33178. Defendant, Ryder, may be served by issuing a summons and complaint to its registered agent, Corporate Creations Network, Inc. located at 801 North U.S. Highway 1, North Palm Beach, FL 33408.

**4.**

Defendant ACE AMERICAN INSURANCE COMPANY (hereinafter "Ace American") is a for-profit, foreign corporation authorized to do business in the State of Georgia with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Defendant, Ace American, may be served by issuing a summons and complaint to its registered agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046.

**5.**

Defendants Phillip Cohen, Ryder and Ace American are joint tortfeasors and as such, venue as to all Defendants is proper in DeKalb County, Georgia.

## COUNT I – NEGLIGENCE OF DEFENDANT PHILLIP COHEN

**6.**

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 5 above as if they were fully restated verbatim.

**7.**

On or about September 24, 2021, Plaintiff Wiggins was operating a 2015 BMW 320i, traveling northbound on Interstate 20 in DeKalb County, Georgia.

**8.**

On or about the same time and place, Defendant Cohen was driving a 2020 Freightliner and was also traveling northbound on Interstate 20 when he negligently, recklessly, carelessly and

unlawfully operated said vehicle so as to collide with Plaintiff's vehicle, forcing Plaintiff's vehicle into a wall, causing extreme damage to the vehicle operated by Plaintiff Wiggins.

**9.**

As a result of the accident, Plaintiff Wiggins suffered multiple injuries.

**10.**

At all relevant times, Defendant Cohen owed certain civil duties to Plaintiff Wiggins. Notwithstanding those duties, Defendant Cohen did violate them in the following particulars:

a.   In failing to make reasonable and proper observations while driving the 2020 Freightliner; or, if these observations were made, failing to act thereon;

b.   In failure to maintain lane of O.C.G.A. § 40-6-48;

c.   In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

d.   In failing to observe or undertake the necessary precautions to keep the 2020 Freightliner from colliding with the Plaintiff's 2015 BMW 320i in violation of O.C.G.A. § 40-6-390;

e.   In driving the 2020 Freightliner without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.   In driving the 2020 Freightliner in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.   In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

**11.**

Defendant Cohen's violations of the aforementioned duties of care constitute negligence *per se*.

**12.**

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Cohen, Plaintiff Wiggins has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, and loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Wiggins has incurred in excess of $29,000.00 in past medical expenses, in addition to wage loss.

**COUNT II – NEGLIGENCE OF DEFENDANT RYDER**

**13.**

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 12 above as if they were fully restated verbatim.

**14.**

At all relevant times, Defendant Cohen was an employee and agent of Defendant Ryder and Defendant Cohen was driving a 2020 Freightliner within the course and scope of his employment with Defendant Ryder.

**15.**

Defendant Ryder is vicariously liable for the acts and omissions of Defendant Cohen as Defendant Ryder's agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

**16.**

Defendant Ryder negligently hired, retained, and supervised Defendant Cohen.

**17.**

Defendant Ryder negligently entrusted the 2020 Freightliner to Defendant Cohen when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

**18.**

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Ryder, Plaintiff Wiggins has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, and loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff Wiggins has incurred in excess $29,000.00 in past medical expenses, in addition to wage loss.

## **CONTRACT**

**19.**

Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 18 above as if they were fully restated verbatim.

**20.**

At the time of the collision-in-suit, on September 24, 2021, Defendant Ace American had issued policies of liability insurance, policy numbers ISA-H25307756, XSA-H25307914, XSA-H25307872 and XSA-H25290239, naming Ryder as an insured.

**21.**

Ace American's policies numbered ISA-H25307756, XSA-H25307914, XSA-H25307872 and XSA-H25290239 were in effect on Septemebr 24, 2021, and provide coverage up to $10,000,000.00 for the negligent acts and omissions of Ryder and Cohen as a result of the collision-in-suit.

**22.**

Defendant Ace American is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c).

**23.**

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Ace American is liable to Plaintiff Wiggins and responsible for payment of damages incurred by and occasioned upon the Plaintiff Wiggins as a result of the negligent acts and omissions of Defendants Cohen and Ryder.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eloise Wiggins respectfully prays and demands as follows:

a.      That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b.      That service be had upon Defendants as provided by law;

c.      That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.      That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.      That this matter be tried to a jury;

f.      That all costs be cast against the Defendants; and

g.      For such other and further relief as this Court deems just and appropriate.

This 28th day of June, 2022.

Respectfully submitted,

*/s/ Steven M. Fair*

Steven M. Fair
Georgia Bar No. 259488
Attorney for Plaintiff

**Morgan & Morgan Atlanta, PLLC**
191 Peachtree Street, NE, Suite 4200
P. O. Box 57007
Atlanta, GA  30343-1007
Telephone:      (404) 965-1928
Facsimile:      (470) 639-6914

STATE COURT OF
DEKALB COUNTY, GA.
6/29/2022 7:13 AM
E-FILED
BY: Monique Roberts